**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                          No. CV 09-0399 LH/RHS
                                                                                     CR 01-0218 LH

PERCY HOLCOMB,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR Doc. 65) filed April 20, 2009. Defendant pled guilty and was convicted of drug and firearms charges under 21 U.S.C. § 84(b)(1)(B), 18 U.S.C. § 924(c)(1)(A)(ii). The recommended sentencing calculation in Defendant's presentence report included at least one Criminal History point for prior state DUI convictions. On July 9, 2002, the Court entered judgment on Defendant's conviction, and he did not appeal. He filed the instant motion nearly seven years after judgment, asserting that his sentence should be reduced as a result of an intervening change in the law. Defendant also asserts that his attorney provided ineffective assistance by not arguing against the sentence enhancement, although he concedes that the argument would have been futile under the law in effect when he was sentenced.

      In his motion and brief, Defendant raises the issue of the one-year limitation period in § 2255. He argues that his § 2255 motion is timely under the accrual provisions in § 2255(f)(3). The applicable statutory language is that "[t]he limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." §

2255(f)(3). Defendant asserts that the limitation period for his motion began to run on April 16, 2008, the date that the Supreme Court issued its decision in *Begay v. United States*, 128 S. Ct. 1581 (2008). In *Begay*, the Supreme Court ruled that prior DUI convictions do not constitute violent felonies for purposes of calculating a sentence under 18 U.S.C. § 924(e)(2). *See Begay*, 128 S. Ct. at 1588.

The *Begay* ruling provides no basis for relief from Defendant's sentence. In the first place, Defendant was charged and convicted under § 924(c), while the *Begay* opinion analyzes the terms of § 924(e). Furthermore, the *Begay* opinion contains no language making the decision retroactive. *See Begay*, 128 S. Ct. 1581 *passim*; *and see United States v. Narvaez*, Nos. 09-cv-222-bbc; 03-cr-0081-jcs-01, 2009 WL 1351811, at *1 (W.D. Wis. May 12, 2009) (rejecting 2255(f)(3)'s "newly recognized right" as the accrual date for a motion filed under the *Begay* ruling). Because Defendant's allegations do not implicate a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," § 2255(f)(3), the motion is untimely and will be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (CV Doc. 1; CR Doc. 65) filed April 20, 2009, is DISMISSED with prejudice as untimely filed; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE