IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

    Plaintiff,

  -vs-                                            CRIMINAL No. 01-0218 LH

PERCY HOLCOMB,

    Defendant.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 79), filed pro se on March 30, 2015. The Court appointed counsel for Defendant on April 2, 2015. Having considered Defendant's Motion, the parties' briefing thereon,[1] the record in this case, and the relevant law, and otherwise being fully advised, the Court finds that Defendant's Motion is well taken in part and it will be granted in part and denied in part.

On June 13, 2002, the Court sentenced Defendant Holcomb to 272 months imprisonment on two charges: Count I, Possession with Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and Count II,

---

[1] This briefing consists of the United States' Position Regarding the Range of Sentence Authorized Under 18 U.S.C. § 3582(c)(2) Regarding Drug Quantity Table (ECF No. 84), filed November 23, 2015; Defendant's Supplemental Memorandum to His Motion for Reduced Sentence Under § 3582(c)(2) ("Defendant's Supplemental Memorandum") (ECF No. 85), filed November 25, 2015; United States' Position on the Range of Sentence Authorized Under § 3582(c)(2) Regarding Drug Quantity Table (ECF No. 88), filed December 16, 2015; and Defendant's Reply to United States' Position on the Range of Sentence Authorized Under § 3582(c)(2) Regarding Drug Quantity Table (ECF No. 89), filed January 5, 2016.

Brandishing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Count I carried a mandatory statutory sentence of not less than 5 years and not more than 40 years and Count II, a mandatory statutory sentence of not less than 7 years imprisonment, in addition to any punishment for the drug trafficking crime.

Pursuant to the Sentencing Guidelines then in effect, Defendant's base offense level for Count I, a conspiracy which involved the distribution of 9.072 kilograms of methamphetamine, was 36.  Two points were added to the base offense level because Defendant was the organizer or supervisor of the criminal activity encompassed by the conspiracy and 3 points were subtracted for his acceptance of responsibility, resulting in a total offense level for Count I of 35.  Defendant's criminal history computation totaled 6 points,[2] for a criminal history category of III.  The offense level of 35 and criminal history category of III resulted in a guideline sentencing range for Count I of 210 to 262 months.  Count II required a mandatory, consecutive term of 7 years, or 84 months, resulting in a total guideline sentencing range of 294 to 346 months.

At sentencing, the Court found that category III over-represented Defendant's criminal history by one level and departed to category II.  A total offense level of 35 with a criminal history category of II resulted in a guideline imprisonment range of 188 to 235 months for Count I.  Adding the mandatory consecutive sentence of 84 months for Count II, the final guideline range was 272 to 319 months, and the Court sentenced Defendant Holcomb to 272 months.

---

2   As set forth in the Presentence Investigation Report, disclosed January 23, 2002, Defendant received 1 point each for four adult convictions: 1) Driving While Intoxicated, Immediate Notice of and Accident, and Duty of Striking a Vehicle, in 1996; and 2) Falsely Obtaining Service Under $100 (an illegal water hook-up); 3) Unlawful Use of Telephone (threatening calls to his ex-girlfriend); and 3) Violation of a Restraining Order, all occurring in 1998.  His adult conviction in 1994 for Receiving Stolen Property added 2 additional points.

2

Defendant now moves for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.

As the Tenth Circuit Court of Appeals discussed in *United States v. Boyd*, Section 3582(c)(2) "allows resentencing if a retroactive amendment to the guidelines lowers a defendant's sentencing range," and if the reduction is "consistent with the [Sentencing] Commission's policy statement in USSG § 1B1.10." 721 F.3d 1259, 1261 (2013) (citing 18 U.S.C. § 3582(c)(2)). The commentary interpreting and explaining a guideline "'is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" *Id.* (quoting *United States v. Nacchio*, 573 F.3d 1062, 1066-67 (10th Cir. 2009)).

A court calculates the applicable guideline range by determining "'the amended guideline range that would have been applicable to the defendant if the [retroactive] amendments to the guidelines . . . had been in effect at the time the defendant was sentenced,'" substituting "'only the [retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and [leaving] all other guideline application decisions unaffected.'" *Id.* at 1262 (quoting § 1B1.10(b)(1) (last alteration added)). In so doing, the "'applicable guideline range' . . . is, as a matter of law, the range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category *but prior* to any discretionary departure." *Id.* (quoting *United States v. Darton*,

595 F.3d 1191, 1197 (10th Cir. 2010) (emphasis added)).[3] Additionally, "[u]nless the original sentence had been reduced because of substantial assistance to authorities, the new sentence cannot be shorter than the minimum of the amended guideline range." *Id.* (citing § 1B1.10(b)(1) (2011)). Thus, the calculation of a defendant's amended guideline range does not include the previously applied downward departure to his criminal history category. *See id.* at 1264 (citing federal circuit court decisions in accord).

The parties agree, and the Court concurs, that Defendant Holcomb is eligible for a sentence reduction under the retroactive guideline amendment to USSG § 2D.1.1. Applying Amendment 782 and the relevant policy statements, Defendant's total offense level for Count I is reduced to 33 and his criminal history category is III, the pre-departure level. This results in a guideline imprisonment range of 168 to 210 months. Adding in the mandatory consecutive sentence of 84 months for Count II, the amended total guideline range now is 252 to 294 months.

Defendant, however, contends that his guideline range should be "based on an advisory guideline range of 235-272 months, based on criminal history category II and offense level 33." Def's. Supp. Mem. 1. He maintains that the Sentencing Commission's revisions to Policy Statement § 1B1.10, whereby it defined "applicable guideline range" as being "determined before consideration of any departure provision in the Guidelines Manual or any variance," cmt. n.1(A), with the only exception being a departure "pursuant to a government motion to reflect

---

3   The procedure set forth in *Darton* subsequently was adopted by the Sentencing Commission in promulgating Amendment 750, amending the commentary to USSG § 1B1.10 n.1(A) to address a split among the circuit courts and clarify that "applicable guideline range . . . is determined before consideration of any departure provision in the *Guidelines Manual* or any variance." *Boyd*, 721 F.3d at 1263-64 & n.2.

4

the defendant's substantial assistance to authorities," § 1B1.10(b)(2)(B), violate the Ex Post Facto Clause, conflict with the directives of the Sentencing Reform Act, and violate separation of powers by usurping judicial power. The Court does not agree.

Congress established the Sentencing Commission under the Sentencing Reform Act of 1984 (SRA or Act) and "authorized it to promulgate Sentencing Guidelines and to issue policy statements regarding the Guidelines' application." *Dillon v. United States*, 560 U.S. 817, 820 (2010) (citing 28 U.S.C. §§ 991, 994(a)). Pursuant to the Act, the Commission also was charged "with periodically reviewing and revising the Guidelines." *Id.* (citing 28 U.S.C. § 994(o)). The Commission also "must determine 'in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for [an] offense may be reduced,'" when a revision decreases the Guidelines range for that offense. *Id.* (quoting 28 U.S.C. § 994(u)). Although the *Booker* Court remedied the Sixth Amendment constitutional problem posed by treating the Guidelines as mandatory by "render[ing] the Guidelines advisory[, it also] held that 'the remainder of the Act satisfies the Court's constitutional requirements.'" *Id.* at 820-21 (quoting *United States v. Booker*, 543 U.S. 220, 243-44 (2005)). *Booker*, thus, "left intact other provisions of the SRA, including those giving the Commission authority to revise the Guidelines, and to determine when and to what extent a revision will be retroactive." *Id.* at 821 (citing 28 U.S.C. 994(o), (u)).

As the Tenth Circuit Court of Appeals reiterated in *United States v. Gay*,

> A judge's resentencing authority is a creation of statute[, and a] district court is authorized to modify a defendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so. Courts may grant a

5

> sentence reduction under § 3582(c)(2) only where the Sentencing Commission has lowered a prisoner's applicable guideline range. This limited jurisdiction is a narrow exception to the usual rule of finality of judgments. Section 3582(c)(2) proceedings are narrow in scope and authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.

771 F.3d 681, 686 (2014) (citations and quotation marks omitted).

Defendant's Ex Post Facto Clause argument has recently been rejected by the Tenth Circuit Court of Appeals. *See United States v. Kurtz*, ___ F.3d ___, 2016 WL 1212066 (Mar. 29, 2016). Defendant Kurtz, like Defendant Holcomb, benefited at his original sentencing from a downward departure: the district court determined, based on his personal history, that the guideline sentencing range of 151 to 188 months was too high, and departed, imposing a sentence of 78 months. *Id.* at *1. Applying Amendment 782, Kurtz's guideline range was reduced to 121 to 151 months, but because the government had not filed a motion regarding substantial assistance to authorities, the court lacked statutory authority to reduce the sentence below the original 78 months, which was already less than new minimum of 121 months. *Id.* at *3-4.

Like Defendant here, Kurtz argued that application of Amendment 759, limiting courts' power under § 3582(c)(2) to sentence below the amended guideline range when the original sentence departed below the guideline range, violates the Ex Post Facto Clause. The Court of Appeals held that for there to be such a violation, "it must be because the amendment effectively 'inflict[s] a greater punishment for the crime than was in [] place at the time the crime was committed.'" *Id.* at *4 (quoting *United States v. Vernon*, 814 F.3d 1091, 2016 WL 502835, at *8 (10th Cir. Feb. 9, 2016)). The Court found, however, that Amendment 759 clearly "does no such thing." *Id.* at *5. While the Amendment "narrows district courts' discretion to *decrease* a

6

defendant's sentence," it does not "*increas[e]* the measure of punishment attached to the covered crimes . . . or apply a guideline that disadvantages the defendant by *increasing* the punishment for the crime." *Id.* (internal quotations and citations omitted). Indeed, the *Kurtz* Court found no "case suggesting such limiting of a court's power to reduce an otherwise final sentence violates the Ex Post Facto Clause." *Id.* (parenthetically quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 508 (1995) ("The Supreme Court has rejected the argument 'that the Ex Post Facto Clause forbids any legislative change that has any conceivable risk of affecting a prisoner's punishment.'")). The Court further noted that it previously had rejected identical ex post facto challenges for exactly the same reason, albeit in unpublished, but persuasive, opinions. *Id.* & n.2 (citing *United States v. Stanfiel*, ___ F. App'x ___, 2015 WL 9014182, at *3 (10th Cir. Dec. 16, 2015); *United States v. Hinson*, ___ F. App'x ___, 2016 WL 888509, at *3 (10th Cir Mar. 9, 2016)). Finally, the Court commented that at least two other courts of appeals are in accord. *Id.* at *5-6 (citing and quoting *United States v. Colon*, 707 F.3d 1255, 1258-59 (11th Cir 2013); *United State v. Waters*, 771 F.3d 679, 681 (9th Cir. 2014)). Thus, Defendant Holcomb's Motion must be denied to the extent it claims a violation of the Ex Post Facto Clause.

Defendant next contends that the Commission's limitation on reductions to account for departures or variances imposed at the original sentencing conflicts with the directives of the SRA and, therefore, is not binding. While acknowledging, as the *Dillon* Court found, that Congress authorized the Commission "to revise the Guidelines . . . and to determine when and to what extent a revision will be retroactive," 560 U.S. at 821 (citing 28 U.S.C. § 994(*o*), (u)), Defendant argues that the "prohibition on including *prior* departures and variances when determining the applicable guideline range does not address application of the retroactive

7

amendment at all, [but rather] purports to prohibit a wholly distinct aspect of the original sentence – the departure or variance," Def.'s Supp. Mem. 10 (emphasis in original). This, Defendant concludes, interferes with and alters aspects of the original sentence, transforming the process into more of a "resentencing," rather than the sentence modification proceeding authorized by *Dillon*. Thus, according to Defendant, a court is required to alter the structure of the original sentence and must "impose a sentence greater than what the court has determined necessary to meet the goals of the SRA," specifically, the purposes set forth in 18 U.S.C. § 3553(a)(2) and 28 U.S.C. § 991(b)(1)(A)-(B).[4] Def.'s Supp. Mem. 12.

The Court does not agree. Initially, the Court notes that the Commission has not barred consideration of all departures. As previously discussed, prior departures for substantial

---

4   18 U.S.C.A. § 3553(a) addresses factors to be considered in imposing a sentence and provides, in relevant part:

(2)  the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 533(a)(2).

28 U.S.C. § 991 establishes the United States Sentencing Commission and provides in relevant part:

(b) The purposes of the United States Sentencing Commission are to--
    (1) establish sentencing policies and practices for the Federal criminal justice system that--
        (A) assure the meeting of the purposes of sentencing as set forth in section 3553(a)(2) of title 18, United States Code;
        (B) provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct while maintaining sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices.

28 U.S.C. § 991(b)(1)(A)-(B).

assistance are specifically excepted, *see* USSG § 1B1.10(b)2)(B), and "may, if appropriate, provide a reduction comparably less than the amended guideline range," *id.* cmt. n.3. Additionally, in modifying the sentence, the Court in no way is required to impose a sentence greater than what it previously determined was necessary to meet the goals of the SRA. As discussed with regard to Defendant's Ex Post Facto argument, a defendant's sentence under Amendment 759 is not increased in any way.

Defendant's reference to the factors set forth in 18 U.S.C. § 3553(a)(2) is similarly unconvincing. While in an original sentence proceeding or resentencing, "[t]he court *shall impose* a sentence sufficient, but no greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection, 18 U.S.C. § 3553(a) (emphasis added), when modifying a previously imposed sentence, "[§] 3582(c)(2) instructs a district court to '*conside[r]* the factors set forth in section 3553(a) *to the extent that they are applicable*,' but it authorizes a reduction on that basis only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission'—namely, § 1B1.10," *Dillon*, 560 U.S. at 826 (emphasis added). Thus, as recognized by the *Dillon* Court, sentence-modification proceedings do not implicate the same congressional directives as sentencing proceedings, and this Court does not find the limitation on departures to be in conflict with the provisions of the SRA or beyond the authority granted the Commission by Congress in 28 U.S.C. § 994(u). *See id.* at 829 (fundamental differences between sentencing and sentence-modification proceedings, including significant statutory differences and substantially different purposes).

Defendant's final argument is that the restriction on prior departures or variances at resentencing unconstitutionally interferes with judicial authority, thereby raising significant

separation of powers concerns. Although Defendant correctly notes that neither the Supreme Court nor the Tenth Circuit has directly addressed this issue, as the Ninth Circuit found in *United States v. Davis*, "[a]ll of the circuit courts to have addressed this question have held that the amended § 1B1.10(b) does not offend separation of powers principles." 739 F.3d 1222, 1225 (2014) (citing *United States v. Erskine*, 717 F.3d 131, 139-40 (2d Cir. 2013); *Colon*, 707 F.3d at 1260-61; *United States v. Berberena*, 694 F.3d 514, 525-26 (3d Cir. 2012); *United States v. Anderson*, 686 F.3d 585, 590-91 (8th Cir. 2012)).

The *Davis* Court found that these holding rest on two persuasive rationales. First, the Supreme Court's "broad view of the powers" of the Sentencing Commission in *Mistretta v. United States*, 488 U.S. 361 (1989), remains after *Booker*, and "is particularly supportable . . . in light of the narrow scope of § 3582(c)(2) proceedings, which are not plenary resentencings." *Id.* at 1225-26 (citing *Dillon*, 130 S. Ct. at 2690-91; *Erskine*, 717 F.3d at 140.). Second, the Court explained,

> "the scope of judicial discretion with respect to a sentence is subject to congressional control." *Mistretta,* 488 U.S. at 364. Congress vested the Commission with the power to issue policy statements regarding the appropriate use of § 3582(c)(2) proceedings, and Congress bound the courts to those policy statements by requiring that any sentence reduction be consistent with applicable policy statements. 28 U.S.C. § 994(a)(2)(C); 18 U.S.C. § 3582(c)(2); *see Erskine,* 717 F.3d at 139 (citing *Berberena,* 694 F.3d at 525). Although the Commission crafted § 1B1.10(b), it is Congress that has made policy statements available as a general matter and binding on the courts. *Erskine,* 717 F.3d at 139. Section 1B1.10(b) does not offend separation of powers principles because it is simply the result of an exercise of Congress's power to control the scope of judicial discretion regarding sentencing.

*Id.* at 1226; *see also United States v. Garcia*, 655 F.2d 426, 435 (5th Cir. 2011) ("Congress has set forth sufficient standards for the Commission in exercising its discretion, and § 1B1.10 does

10

not present a separation-of-powers problem."). This Court, likewise, finds these rationales persuasive, and thus, rejects Defendant's separation of powers argument.

WHEREFORE,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 79), is **GRANTED IN PART**: By separate order, Defendant's sentence will be reduced to a term of **252 MONTHS**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 79), is **DENIED IN ALL OTHER RESPECTS**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**