IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                                             No. CR 01-00218 KG

PERCY HOLCOMB,

        Defendant/Movant.

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
JUDICIAL RECOMMENDATION PURSUANT TO SECOND CHANCE ACT (2007)**

THIS MATTER is before the Court on the Pro Se Motion Requesting a Judicial Recommendation Based on the Second Chance Act of 2007 filed by Defendant/Movant, Percy Holcomb, on April 16, 2018. (Doc. 101). The Court will deny the Motion as premature.

**THE LAW REGARDING THE SECOND CHANCE ACT**

By statute, the Bureau of Prisons ("BOP") is directed to transfer prisoners to a residential reentry center ("RRC") as they approach the end of their sentences, in an effort to better prepare the inmates for reentry into the community. 18 U.S.C. § 3624(c). *Ciocchetti v. Wiley*, 358 F. App'x 20, 22 (10th Cir. 2009). Prior to 2008, the maximum amount of time available for pre-release residential reentry was six months. *Garza v. Davis*, 596 F.3d 1198, 1202 (10th Cir. 2010). The Second Chance Act of 2007 increased the maximum time available for pre-release RRC placement from six months to twelve months. See 18 U.S.C § 3624(c)(1).

Section 3624(c) requires that:

> "The Director of the Bureau of Prisons shall, to the extent practicable,
> ensure that a prisoner serving a term of imprisonment spends a portion
> of the final months of that term (not to exceed 12 months), under conditions
> that will afford that prisoner a reasonable opportunity to adjust to and prepare

> for the reentry of that prisoner into the community. Such conditions may
> include a community correctional facility."

18 U.S.C. § 3624(c)(1). Under the Act, the BOP is required to conduct an individualized assessment of each inmate to determine when the inmate should be placed in an RRC, ensuring that the inmate's time in an RRC is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id.* at § 3624(c)(6)(B)-(C). The Second Chance Act also requires that the BOP consider the five factors listed in § 3621(b) when determining whether and when an inmate is sent to an RRC. *Id.* at § 3624(c)(6)(A). These factors are:

> "(1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence—
>     (A) concerning the purposes for which the sentence to imprisonment
>     was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant
> to section 994(a)(2) of title 28."

*Id.* at §§ 3621(b), 3624(c)(6)(A). The Second Chance Act, however, does not guarantee a one-year RRC placement, but only directs the BOP to consider placing an inmate in an RRC for *up to* the final twelve months of his or her sentence. *Demis v. Sniezek,* 558 F.3d 508, 514 (6th Cir.2009) (emphasis added) (citation omitted); *Bun v. Wiley*, 351 F. App'x 267, 268 (10th Cir. 2009).

## ANALYSIS OF DEFENDANT HOLCOMB'S MOTION

The record does not indicate that Holcomb has requested or received a decision of the BOP for RRC placement. Instead, he asks the Court to undertake the § 3624(c) BOP inquiry and make a recommendation to the BOP as to both RRC and home confinement placement. (Doc. 101 at 2). Holcomb asks the Court to review his prison record and make a recommendation "for

2

the final 18 months of his sentence, to be served in a combination of 12 months residential reentry center (RRC) and 6 months home confinement placement." (Doc. 101 at 2).

At the time of sentencing, the Court may include a statement in the Judgment "recommending a type of penal or correctional facility as appropriate", such as RRC placement. 18 U.S.C. § 3621(b)(4)(B). Judgment was entered on Holcomb's sentence on July 9, 2002. (Doc. 59). The Judgment in this case made no recommendations to the Bureau of Prisons. (Doc. 59 at 2). On April 20, 2016, the Court reduced the term of Holcomb's sentence. The order granting the sentence reduction stated that, "except as provided, all provisions of the judgment date 07/09/2002 shall remain in effect." (Doc. 92).

BOP regulations permit an inmate to seek a *nunc pro tunc* recommendation from the sentencing court when the judgment is silent as to concurrent service of federal and state court sentences. *See BOP* Program Statement 5160.05(9)(b)(4); *Setser v. United States,* 566 U.S. 231, 132 S.Ct. 1463 (2012). However, no comparable BOP regulation authorizes a prisoner to seek a post-sentencing recommendation as to pre-release custody when the original judgment is silent as to RRC placement. To the contrary, a district court may not encroach upon the BOP's authority to decide where the prisoner may be confined during the pre-release period. *See Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469–70 (10th Cir. 1992); *United States v. Laughlin,* 933 F.2d 786, 789 (9th Cir.1991).

Holcomb's request is premature until the BOP has acted on a Second Chance Act request. 18 U.S.C. § 3624(c); *Ciocchetti*, 358 F. App'x at 22. The Court will deny Holcomb's Motion for Sentence Relief Pursuant to Second Chance Act (2007) without prejudice to a habeas corpus petition for judicial review of the BOP's decision on a proper § 3624(c) request.

**IT IS ORDERED** that the Pro Se Motion Requesting a Judicial Recommendation Based on the Second Chance Act of 2007 filed by Defendant/Movant, Percy Holcomb, on April 16, 2018. (Doc. 101) is **DENIED** without prejudice to a 28 U.S.C. § 2241 petition for review after the BOP has acted on a proper § 3624(c) request.

_____
UNITED STATES DISTRICT JUDGE